Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9403 | **DATE** | 12/3/2012 |
| **CASE TITLE** | Frank E. Dorko, Jr. (S-11805) vs. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [3] is granted, and the trust fund officer at Plaintiff's current place of confinement is authorized to make deductions from Plaintiff's trust fund account in accordance with this order. The clerk shall mail a copy of this order to the trust fund officer at Stateville Correctional Center. The complaint is dismissed without prejudice to Plaintiff submitting an amended complaint. To proceed with this case, Plaintiff must submit an amended complaint that complies with this order by 1/7/2013. His failure to do so will result in the summary dismissal of this case. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice. Lastly, Plaintiff's memoranda in support of a motion for a temporary restraining order ("TRO") [5], [6], construed as motions for a TRO, are denied.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Plaintiff Frank E. Dorko, Jr., currently incarcerated at the Stateville Correctional Center, has filed a 42 U.S.C. § 1983 complaint against Stateville Warden Marcus Hardy, Stateville Medical Director Dr. Obaisi, Librarian/Clerk Tyner Winters, Health Care Administrator Royce Reed-Brown, Assistant Warden Duane Edwards, Assistant Warden Coleman, Principle Sessler, F-House Lieutenants Kirk and Jenkins, and F-House Officers Dyer, Barlog, Alvarez, and Nushardt. Similar to a complaint he filed earlier this year in the Southern District concerning conditions at Lawrence Correctional Center, *see Dorko v. Godinez*, No. 12-cv-857 (S.D. Ill.) (Reagan, J.), Plaintiff alleges the following about Stateville: (1) the meals are nutritionally inadequate, causing him severe weight loss, diarrhea, and stomach pains, and Warden Hardy has not responded to emergency grievances about the food; (2) Hardy, Obaisi, and Reed-Brown failed to properly screen Plaintiff for medical issues when he arrived, failed to provide adequate treatment for a staph infection in his eye, and have failed to make readily available his medications; (3) Plaintiff's requests to prison librarian Winters for materials to assist with filing court documents, in particular, access to a typewriter, have been refused, and communications with his attorney have been hampered by Winters' and Edwards' denial of envelopes, paper, and pens; and (4) the conditions in segregation, where he is housed, are unsanitary and Warden Hardy has failed to address and remedy such conditions as black mold, a roach infestation, a lack of clean linens, and a lack of cleaning supplies.

Plaintiff seeks to file his complaint *in forma pauperis*, as well as the appointment of counsel and temporary restraining orders for nutritionally adequate meals and for greater access to materials, in particular a typewriter, to assist with filing pleadings.

Plaintiff's IFP application reveals that he cannot pay the $350 filing fee. The Court grants his motion to proceed IFP and assesses an initial partial filing fee of $4.16. The supervisor of inmate trust accounts at his place of confinement is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After the initial partial payment of the, the trust fund officer is directed to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited

## STATEMENT

to the account. Monthly collected payments from Plaintiff's account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for this filing fee obligation, and Stateville officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

With respect to the complaint, the Court has conducted a preliminary review in accordance with 28 U.S.C. § 1915A. For the following reasons, several of which are stated by the Southern District with respect to the claims Plaintiff filed there, Plaintiff's complaint cannot proceed as currently drafted. As noted above, Plaintiff brings four distinct claims (inadequate nutrition, inadequate medical care, lack of access to the prison library and writing materials, and unconstitutional living conditions). Although Defendant Hardy may be associated with two or even three of these claims (inadequate nutrition, inadequate medical screening, unconstitutional living conditions), each of the other Defendants appear to be associated with only one claim. "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass" that a multi-claim, multi-defendant complaint produces, "but also to ensure that prisoners pay the required filing fee[]" for each case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (a plaintiff may bring in one suit unrelated claims against the same defendant, but not unrelated claims against different defendants)(citing 28 U.S.C. § 1915(g), which limits the number of frivolous suits and appeals a prisoner may file in federal court without prepaying the filing fee to three). Although the Southern District severed the unrelated claims of Plaintiff's suit and opened new cases, this Court will not take such an approach, particularly since at least one claim (unsanitary segregation conditions) does not clearly identify which Defendants are associated with that claim. This Court instead dismisses the complaint without prejudice to Plaintiff submitting an amended complaint that brings related claims in accordance with *George*, 507 F.3d at 607-08.

In addition to Plaintiff impermissibly joining unrelated claims, Plaintiff names several Defendants without indicating how they were involved. Under the notice-pleading requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure, a plaintiff must provide each defendant with fair notice of the claim being alleged against him or her and the grounds supporting the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Stanard v. Nygren*, 658 F.3d 792, 797-99 (7th Cir. 2011). Several of the parties listed as Defendants in Plaintiff's complaint, particularly the F-House officers, are not mentioned in the body of the complaint. Although these Defendants are likely involved with Plaintiff's claims of unsanitary segregation conditions, the Court will not make such assumptions, but requests that Plaintiff clarify which Defendants are associated with each claim. It is further noted that not "everyone who knows about a prisoner's problem must pay damages." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Plaintiff need not include every person who he informed of a condition as a Defendant, but should include only those parties who had a duty to resolve the issue. *Id.* Several Defendants, such as the warden and assistant warden, may not have been personally involved with the circumstances giving rise to Plaintiff's claims, as such parties are allowed to relegate responsibilities (adequate medical care, access to legal materials, sanitary conditions of a division) to various departments and divisions within the facility. *Id.*; *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996) (to be liable in an individual capacity, a § 1983 defendant must have some personal involvement with the constitutional violation and supervisory officers are not presumed to know of every condition unless it is systemic or pervasive throughout the facility).

Accordingly, the complaint is dismissed without prejudice. Plaintiff is given until 1/7/2013 to submit an amended complaint that asserts claims in accordance with *George*, 507 F.3d at 607-08, as described above (preferably alleging only related claims); that clearly states how each Defendant is associated with or liable for each claim; and that names as Defendants only those parties directly involved with the claim, as opposed to every individual who may have had knowledge of the condition giving rise to the claim. An amended complaint form shall be provided to him. Plaintiff's failure to comply with this order will result in dismissal of this case.

| STATEMENT |
|---|

As to Plaintiff's two memoranda seeking a TRO, Plaintiff contends in one memorandum that a TRO should issue to ensure that he receives a nutritionally adequate diet. His other memorandum seeks a TRO to prevent Librarian Winters and Assistant Warden Edwards from interfering with his access to the courts. An ex parte restraining order, which is effective for only 14 days, may issue without notice:

> only if (A) specific facts in an affidavit or a verified compliant clearly show that an immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1); *see also James v. Randle*, No. 10-cv-78, 2010 WL 3310245 at *4 (S.D. Ill. Aug. 19, 2010) (Herndon, C.J.).

Without expressing any opinion as to the merits of Plaintiff's claims, his pleadings demonstrate that a TRO is not warranted for either of his requests. At this early stage of the litigation, Plaintiff's allegations do not set forth specific facts demonstrating that irreparable harm will result before the Defendants can be heard. The Court acknowledges that food is a necessity; however, Plaintiff does not state that he is being denied meals, but rather only meals that "meet the daily nutritional guidelines." Compl. at 6. Courts presented with similar claims by prisoners allegedly not receiving adequate meals have refused to issue TROs. *See Munson v. Gaetz*, No. 11-159-GPM, 2012 WL 1107761 at *8 (S.D. Ill. April 2, 2012) (Murphy, J.) (prisoner seeking a soy-free vegan meal to accommodate an his religious and medical needs did not amount to irreparable harm that required immediate action prior to defendants' ability to respond); *Hudson v. Mueller*, No. 12 C 5063 (N.D. Ill.), Order of 8/15/12 (Manning, J.). With respect to Plaintiff's contention that a TRO is needed to ensure his access to the courts, the six pleadings Plaintiff has filed in this case, particularly considering that he has been at Stateville only since October 10, 2012, belie any need for a restraining order. Accordingly, Plaintiff's requests for a TRO are denied.

The Court denies without prejudice Plaintiff's motion for the appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. A district court may, in its discretion, "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), but a plaintiff must demonstrate that he "has made reasonable efforts to retain counsel and was unsuccessful or that [he] was effectively precluded from making such efforts." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). Although Plaintiff states that he has been denied access to materials to seek counsel, as noted above, his filings in this Court negate such a contention. Additionally, in order to appoint counsel, the case should contain complex issues of law or discovery such that the plaintiff is not competent to represent himself. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007). Plaintiff has not made the requisite showing for counsel.