# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9403 | **DATE** | March 1, 2013 |
| **CASE TITLE** | Frank E. Dorko, Jr. (S-11805) vs. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's first amended complaint [11] is dismissed without prejudice to Plaintiff submitting a completed second amended complaint that makes a demand for relief in the Relief section without reference to other pleadings. Plaintiff's motions for leave to file an amended complaint and to "Attach Original Relief to First Amended Complaint," [9], [10] are denied, also without prejudice. The Clerk shall send Plaintiff another amended complaint form, along with a copy of his first amended complaint [11] and this order. Plaintiff's failure to submit another amended complaint by March 29, 2013, will result in the dismissal of this case.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Plaintiff Frank E. Dorko, Jr., an inmate at the Stateville Correctional Center, initially filed this 42 U.S.C. § 1983 action against Stateville Warden Marcus Hardy and several Stateville officers and officials. On December 3, 2012, the Court dismissed the complaint without prejudice because Plaintiff had impermissibly joined unrelated claims against different Defendants, and because the complaint was unclear as to how each Defendant was involved with Plaintiff's claims. See [8].

As requested, Plaintiff has submitted an amended complaint and has narrowed his claim to one – whether the nutritional value of meals at Stateville is inadequate and does not meet the minimum requirements set by the Illinois Department of Corrections. Plaintiff names as Defendants Warden Marcus Hardy, Mr. Tanner (a dietary manager), and unknown CFSS (acronym unknown) officers. Although Plaintiff has submitted an amended complaint as instructed, the relief section of the amended complaint states only "see attached motion." [11] at 5. Neither motion filed with the amended complaint – a motion for leave to file the amended complaint [9] and a motion to attach original relief to the amended complaint [10] – clarifies the relief that Plaintiff seeks. The motion to attach original relief states simply that Plaintiff "is the rightful owner of this claim" and "is justly entitled to the amount of the claim and has filed in the statutory time limit." [10] at 1.

Requiring Plaintiff to fill out the "Relief " section of his complaint arguably seems minor; however, Fed. R. Civ. P. 8(a) states that a complaint must not only include a short and plain statement of the court's jurisdiction and Plaintiff's claim, but also "a demand for the relief sought." Although Plaintiff refers to his attached motion (presumably his motion to attach original relief), the statements in that motion do not state the relief being sought. Furthermore, courts ordinarily do not piece together a complaint by referring to different filings. *Williams v. Fahim*, No. 11-447-GPM, 2012 WL 1855155, at *4 (S.D. Ill. May 24, 2012) (an amended complaint "must be complete and stand on its own without reference to a prior pleading"). Accordingly, the Court dismisses the first amended complaint without prejudice to Plaintiff submitting a second amended complaint that includes in the "Relief" section a demand for relief, such as compensatory damages, punitive damages, and/or injunctive relief. This is not meant to impose an onerous hurdle for Plaintiff – he may simply take a copy of his first amended complaint, complete the "Relief" section of the amended complaint form, staple the two documents together, and

| **STATEMENT** |
|---|
| submit the entire pleading as his second amended complaint. |